SARAH E. CRAFT v. PETER JACHETTI.

The second section of the supplement to the Crimes act, approved March 30th, 1876, (*Rev., p.* 1295,) which makes criminal the seduction of a single female by a single man, under certain circumstances, and the proviso to which provides that if the person offending under the section shall marry the seduced female he shall be discharged from custody, &c., does not repeal the provision of section 4 of the act concerning marriages, birth and deaths, approved March 27th, 1874, (*Rev., p.* 631,) which imposes a penalty on clergymen and officers who solemnize the marriage of minors under certain ages, without the consent of parents or guardians, as required by that act. A clergyman who solemnizes the marriage of a minor without the requisite consent will be liable to the penalty, although the minor marries for the purpose of obtaining the remission of punishment provided for in the proviso to the second section of the Seduction act above referred to.

On case certified from the Mercer Circuit.

Argued at February Term, 1885, before BEASLEY, CHIEF JUSTICE, and Justices DIXON, REED and MAGIE.

For the plaintiff, *H. N. Barton.*

For the defendant, *G. D. W. Vroom.*

The opinion of the court was delivered by

MAGIE, J.   This action is brought to recover from defendant, a minister of the gospel, the penalty prescribed by section 4 of the "Act concerning marriages, births and deaths," ap--

proved March 27th, 1874, (*Rev.*, *p.* 631,) for marrying a minor without the consent of his parent, expressed according to the directions of that act.

The second plea filed by defendant sets up that the minor, who was married by defendant, was, at the time of the marriage, in custody, under a warrant issued by a justice of the peace, upon a complaint charging him with having seduced a single female under the age of twenty-one years and of good repute for chastity, under promise of marriage—he being a single man over the age of eighteen years—and that said female had thereby become pregnant; that while so in custody the minor offered and agreed to marry said female, to the end that he might be discharged from custody pursuant to the provisions of the statute in such case made and provided, and that the marriage of the minor was solemnized by defendant under the circumstances so detailed.

A motion was made in behalf of plaintiff to strike out this plea, and the question thereon arising has been certified to this court for its advisory opinion.

The result of my consideration of this question is against the validity of the plea objected to, and I think that the Circuit Court must be advised that it should be struck out.

Defendant's contention is (1) that this plea brings the marriage in question within the proviso to section 2 of the supplement to the Crimes act, approved March 30th, 1876, (*Rev.*, *p.* 1295); and (2) that said supplement has repealed the provisions of the Marriage act respecting the consent of parents, guardians, &c., to the marriage of minors, in cases coming within the proviso referred to.

The contention is erroneous, in my judgment, in both aspects. The plea does not bring the minor within the proviso to section 2 of the act of 1876 above mentioned. That section makes criminal the seduction of a single female by a single man, under certain specified circumstances. The proviso declares, *inter alia*, that in case the person offending marry the female before sentence, then sentence shall be suspended and he shall be discharged from custody. But the

Craft v. Jachetti.

plea does not show that the minor was a " person offending " against this section.   It does not admit his guilt or show any judicial determination to that effect.   It simply avers that the minor was charged with the crime and in custody upon the charge.   For aught that appears, the minor was innocent, and on demanding an examination or contesting an indictment, would have been discharged.

Nor do I find any ground for contending that the Seduction act of 1876 has in any respect repealed the provision of the Marriage act requiring the consent of parents, &c., to justify a clergyman in marrying a minor child under the age specified in the act.   The Seduction act contains no express repeal of the provision in question.   No repeal can be implied unless there be a necessary inconsistency and an irreconcilable repugnancy between the old and the new acts.   *State* v. *Commissioner, &c.,* 8 *Vroom* 228 ; *S. C.,* 9 *Vroom* 472 ; *Landis* v. *Landis,* 10 *Vroom* 274 ; *Ruckman* v. *Ransom,* 6 *Vroom* 565 ; *Naylor* v. *Field,* 5 *Dutcher* 287.   But there is no inconsistency or repugnancy between these acts.   Both are capable of being administered without interference the one with the other.   Marriage will relieve a person offending against the Seduction act from some of the penalty imposed for his crime. But the marriage must be solemnized according to our statute. If one of the contracting parties is a minor, the consent required by the act must be obtained, or the clergyman or officer officiating will render himself liable to the penalty prescribed.   The minor who offends against the Seduction act, and desires by a marriage to be relieved from some of the punishment ensuing thereon, must obtain the required consent, or the clergyman or officer may refuse to solemnize his marriage contract.

The Circuit Court will be advised that the motion to strike out the second plea should be granted.